IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
NOV - 8 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| WILLIAM BUNYAN,<br><br>Plaintiff,<br><br>v.<br><br>MARK ORDAN, GLYN AEPPEL, THOMAS DONOHUE, STEPHEN HARLAN, PAUL KLAASSEN, LYNN KROMINGA, WILLIAM LITTLE, SUNRISE SENIOR LIVING, INC., HEALTH CARE REIT, INC., BREWER HOLDCO, INC., BREWER HOLDCO SUB, INC., and RED FOX, INC.,<br><br>Defendants. | Case No. 1:12-cv-01185-CMH-TRJ<br><br><u>CLASS ACTION</u> |

## ORDER FOR NOTICE AND SCHEDULING OF HEARING ON SETTLEMENT

The parties having made an application for an order for notice and scheduling of a hearing with respect to a settlement (the "Settlement") of this action (the "Federal Action") in accordance with a Stipulation of Settlement and Release dated October 24, 2013 (the "Stipulation"), which together with the exhibits thereto sets forth the terms and conditions for the proposed Settlement of the Federal Action, and which provides for dismissal of the Federal Action with prejudice;

**IT IS HEREBY ORDERED**, this _8th_ day of _Nov._, 2013, that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2. **Certification of the Class as a Non-Opt-Out Class**. For settlement purposes only, the Court certifies the Federal Action as a non-opt-out class action pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of any and all persons or entities who held shares of Sunrise common stock, either of record or beneficially, at any time between August 21, 2012, the date the Sunrise board approved the Merger Agreement, and January 9, 2013, the date of consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, other than the Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be (the "Settlement Class").

3. **Designation of Class Representative**. The Court conditionally certifies plaintiff William Bunyan as representative for the Settlement Class and the law firm of Levi & Korsinsky LLP as lead counsel for the Class.

4. **Preliminary Approval of the Settlement**. The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5. **Settlement Hearing**. A hearing (the "Settlement Hearing") shall be held on Jan 24, 2014 at 10:00 am/~~pm~~, at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, to: (a) determine whether the Settlement is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether an Order and Final Judgment as provided in the Stipulation should be entered herein; (c) consider Plaintiff's Counsel's application for an award of attorneys' fees, costs, and expenses as provided in the

Stipulation; and (d) rule on such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to members of the Settlement Class.

6. **Appearance at Settlement Hearing and Objections to Settlement.** Any member of the Settlement Class who objects to the Settlement, the Judgment to be entered in the Federal Action, and/or Plaintiff's Counsel's application for an award of attorneys' fees, costs, and expenses, or who otherwise wishes to be heard, may appear personally or by counsel at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that no member of the Settlement Class may be heard and no papers or briefs submitted by or on behalf of any member of the Settlement Class shall be received and considered, except by Order of the Court for good cause shown, unless, no later than fourteen (14) calendar days prior to the Settlement Hearing, copies of (a) a written notice of intention to appear, identifying the name, address, and telephone number of the objector and, if represented, counsel, (b) written proof of ownership and statement certifying that the objector is a member of the Settlement Class, (c) a written detailed statement of such person's specific objections to any matter before the Court, (d) the grounds for such objections and any reasons for such person's desire to appear and be heard, and (e) all documents and writings such person desires the Court to consider, shall be served electronically or by hand or overnight mail upon the following counsel:

> Elizabeth K. Tripodi
> Levi & Korsinsky, LLP
> 1101 30th Street NW
> Suite 115
> Washington, DC 20007
> Telephone: (202) 524-4290
>
> *Lead Counsel for Plaintiff in the Federal Action*

Douglas P. Lobel
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
Telephone: (703) 456-8000

*Counsel to Sunrise and
the Individual Defendants*

Scott B. Schreiber
Arnold & Porter, LLP
555 12th Street NW
Washington, DC 20004
Telephone: (202) 942-5672

*Counsel to Health Care REIT, Inc. and Red Fox, Inc.*

At the same time, these papers must be filed with the Court. Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement, the judgment to be entered herein, or the award of attorneys' fees, costs, and expenses to Plaintiff's Counsel or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in the Federal Action or in any other action or proceeding.

7.   **Approval of Notice**.  The Court approves, in form and content, the Notice annexed as Exhibit C to the Stipulation and finds that mailing the Notice to members of the Class at the respective addresses set forth in Sunrise's stock records comports with the requirements of Rule 23 and shall constitute due and sufficient notice of the Settlement Hearing and all other matters referred to in the Notice to all persons entitled to receive notice of the Settlement Hearing. Sunrise or its successor(s) shall, no later than fifteen (15) court days before the Settlement Hearing directed herein, file appropriate affidavits of proof of mailing the Notice.

8. **Notice Procedures**. At least forty-five (45) calendar days prior to the Settlement Hearing, Sunrise or its successor(s) shall cause the Notice, substantially in the form of Exhibit C to the Stipulation, to be mailed by first class mail, postage prepaid, to members of the Class at their respective last known addresses as set forth in Sunrise's stock records. Furthermore, Sunrise or its successor(s) shall use reasonable efforts to give notice to beneficial owners of Sunrise common stock by (i) providing, at the expense of Sunrise or its successor(s), additional copies of the Notice to any record holder requesting the Notice for purpose of distribution to any beneficial owners of Sunrise common stock who are entitled to notice, or (ii) at the request of such record holder, causing the Notice to be mailed at the expense of Sunrise or its successor(s) directly to such beneficial owners at the addresses provided by such record holder. Sunrise or its successor(s) shall assume administrative responsibility for and will pay all costs and expenses related to preparing and disseminating the Notice.

9. **Parties' Briefing Scheduling**. Plaintiff's counsel shall file all briefs and supporting papers in support of the Settlement, including its application for an award of attorneys' fees and expenses, no later than twenty-four (24) calendar days before the Settlement Hearing. If any objections to the settlement are filed in accordance with paragraph 6 above, the parties may file response papers at least seven (7) calendar days before the Settlement Hearing.

10. **Stay of Proceedings and No Further Litigation**. All proceedings other than those as may be necessary to carry out the terms and conditions of the Settlement are hereby stayed and suspended until further order of this Court.

11. **Termination of Settlement**. If the Settlement is terminated for any reason pursuant to the terms of the Stipulation, this Order and any judgment entered herein, as well as any other actions taken or to be taken in connection with the Settlement, shall be terminated and shall

become null and void and of no further force and effect. If the Settlement is terminated pursuant to the terms of the Stipulation, the parties to the Federal Action shall revert to their respective litigation positions as if the Stipulation never existed. In any event, neither the Stipulation nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received as evidence at any proceeding in the Federal Action or any other action or proceeding.

12. **No Admission**. The Stipulation and any and all negotiations, statements, or proceedings in connection therewith shall not be deemed a presumption, concession or an admission by any Defendant in the Actions of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Federal Action or any other actions or proceedings, or that any of the Supplemental Disclosures are material. The provisions contained in the Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Federal Action or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

13. **Retention of Exclusive Jurisdiction by the Court**. The Court retains exclusive jurisdiction over the Federal Action to consider all further applications arising out of or connected with the proposed Settlement.

Dated: Nov. 8, 2013

　　　　　　　　／s／
　　　　　Claude M. Hilton
　　　United States District Judge

6