IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



WILLIAM BUNYAN,

Plaintiff,

v.

MARK ORDAN, GLYN AEPPEL, THOMAS
DONOHUE, STEPHEN HARLAN, PAUL
KLAASSEN, LYNN KROMINGA,
WILLIAM LITTLE, SUNRISE SENIOR
LIVING, INC., HEALTH CARE REIT, INC.,
BREWER HOLDCO, INC., BREWER
HOLDCO SUB, INC., and RED FOX, INC.,

Defendants.

Case No. 1:12-cv-01185-CMH-TRJ

<u>CLASS ACTION</u>

## <u>ORDER AND FINAL JUDGMENT</u>

A hearing having been held before this Court on January 24, 2014, pursuant to this

Court's Preliminary Approval of Stipulation and Agreement of Settlement and Release and

Order for Notice and Scheduling of Hearing on Settlement dated November 8, 2013 (the

"Preliminary Approval Order"), upon a Stipulation of Settlement and Release dated October 24,

2013 (the "Stipulation")[1] filed in the above-captioned action (the "Federal Action"), which is

incorporated herein by reference; it appearing that due notice of such hearing has been given in

accordance with the Preliminary Approval Order; the respective parties to the Stipulation having

appeared by their attorneys of record; this Court having heard and considered evidence in

---

[1]   Except as otherwise expressly defined herein, all capitalized terms shall have the same
definitions as set forth in the Stipulation.

support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective parties to the Stipulation having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order; this Court having determined that notice to the Class was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by this Court:

**IT IS ORDERED, ADJUDGED, AND DECREED THIS 24th DAY OF JANUARY, 2014, AS FOLLOWS:**

     1.     The Notice of Pendency and Settlement of Class Action, and Right to Appear (the "Notice") has been provided pursuant to and in the manner directed by the Scheduling Order; proof of dissemination of the Notice was filed with the Court; and full opportunity to be heard has been offered to all Parties and the Settlement Class. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law. It is further determined that all members of the Settlement Class are bound by this Order and Final Judgment.

     2.     The Court hereby certifies the Federal Action as a non-opt-out class action pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of any and all persons or entities who held shares of Sunrise common stock, either of record or beneficially, at any time from August 21, 2012 through and including January 9, 2013 (the date of consummation of the Merger), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any

of them, other than the Defendants, their subsidiary companies, affiliates, assigns, and members

of their immediate families, as the case may be (the "Settlement Class").  The Settlement Class

satisfies the requirements of Rules 23(a), 23(b)(1) and 23(b)(2), in that (a) the Class is so

numerous that joinder of all members thereof is impracticable, (b) there are questions of law and

fact common to the Class, (c) the claims of the Plaintiff are typical of the claims of the Class, (d)

Plaintiff will fairly and adequately represent the interest of the Class, (e) the prosecution of

separate actions by individual members of the Class would create a risk of inconsistent or

varying adjudications with respect to individual members of the Class which would establish

incompatible standards of conduct for the parties opposing the Class, and (f) Defendants are

alleged to have acted or refused to act on grounds generally applicable to the Class.  Further, the

Court now finds based on the record in the Federal Action that Plaintiff and his counsel have

fairly and adequately protected and represented the interests of the Class.

3.     The Settlement is found to be fair, reasonable, and adequate and in the best

interests of the Class, and is hereby approved pursuant to Rule 23(e).  The parties to the

Stipulation are hereby authorized and directed to comply with and to consummate the Settlement

in accordance with its terms and provisions, and the clerk is directed to enter and docket this

Order and Final Judgment.

4.     The Federal Action is hereby dismissed with prejudice in its entirety as to

Defendants and against Plaintiffs and all other Class members and without costs, except with

regard to any award of attorneys' fees and expenses set forth in paragraph 9 below and as

provided for in the Stipulation, including the costs of providing notice to Settlement Class

members.

5.      As provided for in the Stipulation, the Court hereby finally and forever bars, settles, extinguishes, discharges, and releases any and all manner of claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including Unknown Claims (as defined below) that have been, could have been, or in the future can or might be asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiff or any member of the Settlement Class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants (or any Defendant), including Sunrise; Brewer Holdco, Inc.; Brewer Holdco Sub, Inc.; Health Care REIT, Inc.; Red Fox, Inc.; Mark Ordan; Glyn Aeppel; Thomas Donohue; Stephen Harlan; Paul Klaassen; Lynn Krominga; and William Little, or any of their respective family members, parent entities, controlling persons, associates, predecessors, successors, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns (collectively, the "Released Persons") which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions,

4

occurrences, statements, representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Federal Action, or any allegations that could have been asserted in the Actions, the Merger, or any deliberations, negotiations, or disclosures in connection therewith, including claims under federal securities laws within the exclusive jurisdiction of the federal courts; any fiduciary obligations of the Released Persons in connection with the Merger or any alternatives thereto; and the fees, expenses, or costs incurred in prosecuting, defending, or settling the actions, other than as provided in this stipulation (collectively, the "Settled Claims").

6.      The Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Releasing Persons and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Federal Action or the Released Claims (the "Defendants' Released Claims").

7.      The Released Claims and Defendants' Released Claims include Unknown Claims. "Unknown Claims" means any claim that a Releasing Party does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement and any claim that a Released Party does not know or suspect exists in his, her, or its favor at the time of the release of the Defendants' Released Claims as against the Releasing Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement.

8.      With respect to any and all of the Released Claims or Defendants' Released Claims, including any and all Unknown Claims, the Releasing Persons and Released Persons are

deemed to waive, and have waived and relinquished to the fullest extent permitted by law of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable, or equivalent provision) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Court finds that Plaintiff has, on his own behalf and on behalf of the Releasing Persons, acknowledged that members of the Settlement Class and/or other Company stockholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiff and on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiff and the other undersigned parties acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for, constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

9.      Sunrise or its successor(s) shall pay to Plaintiff's counsel attorneys' fees and expenses in the aggregate sum of $700,000, in accordance with, and subject to the terms of the Stipulation

10.      The effectiveness of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of

6

any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's counsels' application for an award of attorneys' fees, costs, and expenses.

11.     The fact of and provisions contained in the Stipulation, including, without limitation, all negotiations, discussions, actions, and proceedings in connection with the Stipulation, the Settlement, and this Order and Final Judgment are not and shall not be deemed to constitute a presumption or concession or an admission by any party in the Actions, any signatory hereto, or any of the Released Persons of any fact or issue of law, fault, liability, damages, or wrongdoing or lack of any fault, liability, damages or wrongdoing, as to any facts or claims alleged or asserted, or that could have been alleged or asserted, in the Actions or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any person in the Actions or any other action or proceeding, except in connection with any proceeding to enforce the Stipulation, the Settlement, and this Order and Final Judgment, or to effectuate the liability protections agreed to herein, including without limitation to enforce a defense or counterclaim based on principles of release, accord, and satisfaction, good-faith settlement, res judicata, collateral estoppel, judgment bar or reduction, claim or issue preclusion, or any similar liability-limiting defense, and all negotiations, discussions, actions, and proceedings leading up to the execution of this Stipulation are to be treated as confidential and intended for settlement purposes only.

12.     Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation, the Settlement, and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation,

and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

Jan 24, 2014

_____/s/_____
Claude M. Hilton
United States District Judge

8